OPINION of the Court, by
Judge Owsley.
— Tiiere issued in the name of Anderson, directed to the sheriff of Mercer county, an execution against Rochester, on a judgment previously obtained against him. The execu-tion was levied by the sheriff, and a replevin bond exe-cuted by Rochester ; and after the bond became due anotJjer execution issued thereon, which was levied by the sheriff and returned by him for want of bidders, whereupon a venditioni exponas issued, commanding *he sheriff to mate sale of the property, &c. To obtain relief from this execution, Rochester sued out against Anderson a writ of error coram vobis, and assigned for error that Anderson departed this life before the taking of the replevin bond and issuing the executions thereon, On the calling, of the writ of error a plea was filed, whereby Anderson by his attorney alleged he (Ander-son) did not depart this life before the taking of the re-plevin bond and issuing the executions thereon. A íur^ was empannelled, and ascertained the fact against Rochester, whereupon the court awarded judgment against Rochester. To reverse this judgment Roches-tej. prosecuted an appeal to this court ; and because the 1 , ‘r ,• Proceedings bn the partor Kochester were erroneous in suing out the scirefacias to hear errors against Ander-w^° bad alleged was dead, this court affirmed tbe judgment of the court below, without deciding on the errors vol'.
After this another execution was sued out in the name „ . . . ,. ,. . . , , of Anderson, and to be relieved against the replevin bond and all the subsequent executions, Rochester again Prosecute(^ anolher writ of error coram vobis against the administratrix of Anderson, and made the same as-ofsignment of error as in the first instance. On the call--¡ng tíj th‘IS wr;t Qf crror jn the court below, the defendants confessed error in issuiug the execution after the former decision in this court; and as to the errors assigned in the replevin bond and the other execution, pleaded the former judgment of that court and the af-firmance by this. To this plea oyer of the record and judgment was craved and a demurrer filed; and on consideration of the demurrer that court adjudged the law ip favor of the defendants, and the plaintiff failing t© *339 reply, adjudged a dismissal of the writ of error, &c. pi1rom which judgment Rochester has again appealed to this court.
It was objected in argument that the defendant’s plea is defective, because it does not allege in whose favor the former judgment was obtained. Had not the record of that judgment been made part of the record of this cause, the defect of such an allegation would be clearly fatal : for it should be shewn to the court between whom the judgment was had, that they might decide on its efficacy between the present patties. This it is however conceived is abundantly manifest from the record in this case : for as that record was made profert of by the defendants in their plea, and oyer craved thereof by the plaintiff in his demurrer, the record thereby became part of the plea. And as it is manifest from that record between whom the former judgment was had, the objection to the plea for that cause cannot prevail.
The record, therefore, exhibits the case of a formér judgment in favor of Anderson, in a contest between him and Rochester, involving the same points presented for decision by the assignment of errors in the court below. Whether or not that judgment is conclusive between the present parties, is the main question in this cause.
The judgment of a court of competent jurisdiction, on a point directly in issue, is conclusive between the same parties and their representatives, in any contest involving the same inquiry, so long as that judgment remains in full force and unreversed- In the former writ of error brought by the plaintiff against Anderson, an issue was joined on the fact assigned for error, and found in favor of Anderson, and a judgment in bar awarded against the plaintiff. This judgment remains in full force and unreversed, and would clearly, in a contest between Anderson and the plaintiff, he conclusive ; and should, as we apprehend, have the same operation in the present case, where the administratrix of ,Anderson is a party.
As, therefore, the former judgment of the court below would have concluded, the present parties, had no appeal be enprosecuted to this court, a fortiori shoujdit have that effect after an affirmance by this court- The *340 circumstance of this court not investigating the errors assigned cannot affect the case,: for as that judgment . was conclusive before this court decided on the cane,, it must retain that efficacy until reversed. And though this court did not decide on the errors assigned, that effect was produced by the illegal proceedings on the part of Rochester, and he must consequently submit to its consequences.
We are of opinion, therefore, that the court decided correct!]^ in sustaining the defendant’s plea. The plaintiff, therefore, should be barred from proceeding as to so much ⅞£ the assignment of errors as is embraced by* the defendant’s plea ; but as the plaintiff confessed error as to the other errors assigned, that court erred in not giving judgment quashing the execution to which that assignment of, error relates.
The judgment must therefore be reversed, the cause remanded to that court and a judgment there entered according to the principles of this opinion. The plaintiff must recover his costs in this court.